Submitted on the record August 20, accused disbarred September 26, 2002

In re Complaint as to the Conduct of
## JAMES JOSEPH McLAUGHLIN,
*Accused.*

(OSB Nos. 00-107, 01-123, 01-124, 01-125,
01-126, 01-141, 01-142, 01-143, 01-144, 01-145,
01-211, 01-223; SC S49577)

54 P3d 123

Stacy J. Hankin, Assistant Disciplinary Counsel, Lake Oswego, filed the Sanction Memorandum for the Oregon State Bar.

No appearance *contra.*

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) alleged that the accused violated the following: Code of Professional Responsibility Disciplinary Rule (DR) 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(4) (engaging in conduct prejudicial to administration of justice); DR 1-103(C) (failing to cooperate with disciplinary investigation); DR 2-110(A)(2) (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to client); DR 2-110(B)(2) (knowingly engaging in employment that lawyer knows violates disciplinary rules); DR 6-101(A) (providing incompetent representation to client); DR 6-101(B) (neglecting legal matter entrusted to lawyer); DR 7-101(A)(2) (failing to carry out contract entered into with client for professional services); DR 7-101(A)(3) (prejudicing or damaging lawyer's client during course of professional relationship); DR 7-102(A)(2) (knowingly advancing claim or defense that is unwarranted under existing law); DR 7-106(A) (disregarding or advising client to disregard standing rule of a tribunal); and ORS 9.527(3) (willfully disobeying court order).

On August 30, 2001, the Bar served the accused's lawyer with a formal complaint and a notice to answer. The accused failed to appear in the time provided by the Bar Rules of Procedure and failed to submit a resignation. On January 17, 2002, the Bar served the accused's lawyer with a second amended formal complaint. The accused again failed to file an answer, appear, or submit his resignation. A trial panel of the Disciplinary Board entered a default order on March 7, 2002. In a subsequent sanctions hearing, the trial panel deemed the Bar's allegations of misconduct to be true and concluded that the accused should be disbarred.

On *de novo* review of the record, we agree with the trial panel that the accused should be disbarred.[1]

The accused is disbarred.

---

[1] An exhaustive discussion of the accused's multiple acts of misconduct would not benefit the bench, the bar, or the public.